[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Joan M. Foster, age 64, whose maiden name was Joan Marie Smith, and the defendant, Frederick D. Foster, age 66, were married at Stamford, Connecticut on July 5, 1952. There are no minor children, issue of the marriage, although the parties have four adult children. This forty-three year marriage has broken down irretrievably.
The plaintiff is a college graduate and has all but a few credits for a master's degree. She taught at the Pettibone School in New Milford for thirty-two years retiring in 1992. Since then she has evaluated other teachers, taught nursery school, tutored, given piano lessons and participated in graduation education diploma programs. The defendant is also a college graduate and has held various positions of employment commencing with Bloomingdales in 1953, Robert Hall clothes in 1985, Frenor Xavier Schools, Inc. in 1966, the Light Company and Stanley Works Company from 1970 to 1989.
The health of the plaintiff is fair at this time. She suffers from high blood pressure and had a mastectomy in 1980 with plastic surgery. The defendant's health is also fair having had a stroke in 1990 and cancer of the colon in 1991 with chemotherapy for one year until May 1992.
The course of the marriage has not been a smooth one. There have been separations and reconciliations. Although both parties worked during most of the marriage except when the children were young, finances have been a major problem. Each of the children attended private schools which created a financial burden upon the family finances.
Numerous attachments and judgment liens were placed upon the interest of the defendant in the parties real estate as follows:[1]
Attachment August 11, 1991, Ilmar John Filhaber, $7,500.00;
Attachment November 17, 1971, Edward S. Rowland, $10,000.00;
 Judgment Lien, October 17, 1973, Ilmar John Filhaber, $3,500.00;
IRS tax lien in the amount of $2,396.78;
Judgment Lien May 27, 1980, State National Bank of CT, CT Page 1420-OO $1,381.72;
 Attachment May 15, 1981, Depositors Trust Company of Augusta Maine, $4,200.00;
 Judgment Lien, March 9, 1988, Sharin Data Group, et al, $34,267.00;
IRS tax lien, November 1, 1988, $13,946.08;
 Attachment, October 20, 1989, Stanley Works Employees Federal Credit Union, $14,300.00;
IRS tax lien, December 17, 1993, $41,876.23.
Most of these attachments were not known by the plaintiff until called to her attention by her attorney just before trial. She was aware of the IRS tax lien on the property which is solely in her name and that has been a cause of great concern and disruption in the marriage. This lien resulted from the failure of the defendant to pay taxes on his severance from Stanley Works.
It is apparent that the defendant has been financially irresponsible and that this has been the major cause of the breakdown. The final separation occurred shortly after the filing of the last IRS lien when the defendant went to Florida leaving the plaintiff to cope with the substantial financial problems. At that point she engaged an attorney, changed the locks on the family home and filed for a legal separation which has now been amended to a dissolution.
The family home, in the plaintiff's name, has a value of approximately $125,000.00. It is subject to a mortgage of $82,000.00 and the federal tax lien of approximately $42,000.00. All other liens have been discharged by mortgage refinancing and other payments. While the plaintiff has been found to be an innocent spouse, there is no assurance that the IRS will not look to the home for satisfaction of the tax debt.
Mrs. Foster receives retirement income of $545.00 per week plus $369.00 from the Charlotte Dow Trust. Also she receives rental income of $121.00 per week from an apartment in the home. The plaintiff has no right to the principal and receives income under Section 7 of the trust in the sole discretion of the trustee.[2] Her retirement income is $28,340.00 per year, trust CT Page 1420-PP income after taxes which the trust pays of $19,188.00 per year, rental income of $6,292.00 per year, and miscellaneous part-time employment of $2,217.00 per year for a total yearly income of $56,037.00. The plaintiff's estimated taxes per year are $7,540.00 leaving her a net annual income of $48,497.00. She claims an average weekly income of $890.00 which is really $932.00. Her claimed weekly expenses are $835.00 including $100.00 per week for house cleaning, a figure which seems somewhat high.
Mr. Foster is retired and his sole income is social security of $212.00 per week. He also receives $36.00 per week from Stanley Works stock. Presently, the defendant is sharing expenses with a woman he is living with, who is not a cause of the breakdown.
Based upon the evidence, including the length of the marriage, the age of the parties, the cause of the breakdown and the factors set forth in Conn. Gen. Stat. § 46b-82, the court finds that the marriage has broken down irretrievably and that the following orders shall enter.
1. A decree of dissolution based upon irretrievable breakdown.
2. Alimony. The plaintiff shall pay to the defendant alimony in the amount of $100.00 per week. The plaintiff is awarded $1.00 per year alimony modifiable only to indemnify the plaintiff on any debt which is the responsiblity [responsibility] of the defendant.
3. Real Property. The defendant shall waive all right, title, interest and claim to the real estate, located at 28 Avery Road, New Milford, Connecticut.
4. Bank Accounts. Each party shall keep his or her own bank accounts without any claim from the other party.
5. Pension, Deferred Assets. The plaintiff shall retain all right, title, interest and claim to her pension plan with the State of Connecticut Teacher's Retirement. The fifty shares of Stanley Works Corporation shall become the sole property of the defendant and the plaintiff shall execute any document necessary to effect the transfer.
6. Debts and Liabilities. Each of the parties shall be responsible for the debts listed on their respective financial affidavits. It is recognized that the plaintiff has paid two credit card debts incurred by the defendant to NEA and MBNA for accounts CT Page 1420-QQ obtained by the defendant by forging the plaintiff's name to the applications. However, the defendant shall be entirely responsible for any sums due and owing to the Internal Revenue Service for taxes on his income during the calendar year 1988, which is currently the subject of a Federal tax lien on the real property located at 28 Avery Road, New Milford, The defendant shall indemnify and hold the plaintiff harmless from any and all claim for said taxes.
7. Personal Property. The parties shall be entitled to keep all of her or his own personal property without any claim from the other party.
8. Taxes. Both parties agree to indemnify and hold the other party harmless for prior joint tax returns which have been filed.
Judgment may enter accordingly dissolving the marriage.
PICKETT, J.